KONCEPTS COMMUNICATIONS OF L.I. CORP., Respondent, v MERCHANTS INSURANCE COMPANY OF NEW HAMPSHIRE, Appellant. [719 NYS2d 673] —In an action to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), dated March 30, 2000, as denied that branch of its motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's property was damaged when water entered its basement during a heavy rainstorm. The plaintiff was insured under a policy issued by the defendant, which excluded losses "caused directly or indirectly by * * * any earth movement (*other than sinkhole collapse*) such as * * * earth sinking, rising or shifting" (emphasis supplied). After an investigation, the defendant concluded, *inter alia,* that the plaintiff's loss was excluded under the insurance policy because the flooding was

caused by a broken drainage pipe which had ruptured as a result of "earth movement."

The Supreme Court correctly determined that the defendant "neither established * * * how the water came to be discharged into the basement rather than being transported through it, nor in what respect the exclusionary clause of the policy would pertain." Additionally, we note that the affidavit submitted by the defendant's own expert raises a question of fact as to whether the rupture of the pipe may be have been caused by a sinkhole, a condition which the policy specifically excludes from the definition of earth movement. Accordingly, the defendant failed to establish its prima facie entitlement to judgment as a matter of law and its motion for summary judgment was properly denied (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.